(Of the Fifth Circuit Sitting in the First Circuit.)

MATHERS ET AL. v. LEWIS, AUDR.

1. "PAYMENT NOT TENDERED," AN INSUFFICIENT REASON FOR PLACING PROPERTY ON DELINQUENT TAX LIST.

"Payment not tendered," the only reason given by the treasurer, in his certificate to the auditor, for placing property on the delinquent tax list, is not sufficient under sec. 1101, Rev. Stat.

2. SECTIONS 2864 AND 2870, REV. STAT., MUST BOTH BE COMPLIED WITH.

> The amendment to sec. 2864, Rev. Stat., providing that the auditor shall advertise delinquent tax sales between December 20th and the first Monday in February, does not change the requirements of sec. 2870, Rev. Stat., providing that tax sale shall be held by the treasurer on the third Tuesday in January, inasmuch as it is possible to comply with both sections.

3. FAILURE TO COMPLY WITH SEC. 2904a, REV. STAT.

> The auditor's failure to advertise the tax sale for the earliest date because " he was unable at the time to prepare said list for advertisement, owing to a pressure of business in his office," does not authorize the postponement of the sale under sec. 2904a, Rev. Stat., providing that where the auditor has omitted to advertise the forfeited sale for the second Monday in December " by inadvertence or mistake " he may advertise the sale for the second Monday in April of the following year.

This is an action brought by a property owner to enjoin the auditor from offering his property at forfeited sale on the second Monday in April, 1898; the case was tried on an agreed statement of facts.

DOUGLASS, J.

First—We hold that this property was never legally put upon the delinquent list because the treasurer did not sufficiently state his reason for not collecting the taxes on this property in his certificate to the auditor in August, 1896, under sec. 1101, Rev. Stat. The only reason given is " Payment not tendered." We hold that this is not a sufficient compliance with the statute.

Second—The property was not legally offered at delinquent tax sale. Section 2870, Rev. Stat., provides that this sale shall be held by the treasurer on the third Tuesday in January. An amendment to sec. 2864, Rev. Stat., provided that the auditor should advertise this sale between the twentieth of December and the first Monday in February. This does not have the effect of changing the positive requirements of sec. 2870, Rev. Stat., which fixes the day for the sale. It was possible to comply with sec. 2864 as amended, and at the same time to obey sec. 2870, which should have been done.

Third—The forfeited sale held by the auditor in April, 1898, was not held according to law. Section 2904a, Rev. Stat., provides that where the auditor has omitted to advertise the forfeited sale for the second Monday in December " by inadvertence or mistake " he may advertise the sale for the second Monday in April of the following year.

By the agreed statements of facts in this case, it appears that the auditor did not so fail to advertise the sale for the earlier date " by inadvertence or mistake," but because " he was unable at the time to prepare said list for advertisement, owing to a pressure of business in his office." This did not authorize the postponement of the sale under sec. 2904a, Rev. Stat.

Same judgment as was rendered in the common pleas court, making the judgment perpetual.

*Wilby & Wald*, for plaintiffs.

*Rendigs, Foraker & Dinsmore*, contra.